People ex rel. Francis v Brann (2019 NY Slip Op 02440)





People ex rel. Francis v Brann


2019 NY Slip Op 02440


Decided on March 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2019-02419

[*1]The People of the State of New York, ex rel. Grover Francis, on behalf of Taalib Baxter, petitioner,
v
Cynthia Brann, Commissioner, Department of Correction, or any other person having custody of Taalib Baxter, respondent.


Janet E. Sabel, Staten Island, NY (Grover Francis pro se of counsel), for petitioner.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Alexander Fumelli of counsel), for respondent.



DECISION & JUDGMENT
Writ of habeas corpus in the nature of an application, inter alia, to release the detainee, Taalib Baxter, upon his posting of an insurance company bail bond in the sum of $50,000.
ADJUDGED that the writ is dismissed, without costs or disbursements.
"At a bail bond source hearing held pursuant to CPL 520.30, the petitioner has the burden of proving by a preponderance of the evidence that the cash or collateral posted to secure a bail bond originates from a legitimate source and is not the fruit of criminal or unlawful conduct" (People ex rel. Aidala v Warden, Rikers Is. Corr. Facility, 100 AD3d 667, 667; see People v Esquivel, 158 Misc 2d 720; see also People ex rel. Savage v Horn, 56 AD3d 806). Under the circumstances presented here, the petitioner failed to meet his burden at the bail bond source hearing.
The petitioner's remaining contentions are without merit.
BALKIN, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court